CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUL 27 PM 5: 01

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES DAVID SAMORA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:14-CV-0264 |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | § § § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS COMPLAINT

On December 30, 2014 plaintiff filed a complaint against the Acting Commissioner of the Social Security Administration challenging the recovery of a supplemental security income overpayment of $10,842.00. The Court issued a Briefing Order to plaintiff on January 5, 2015 to elicit facts which would assist the Court is determining the nature of plaintiff's claim. Plaintiff responded on January 27, 2015.

On July 20, 2015, defendant filed a motion to dismiss, arguing plaintiff did not exhaust administrative remedies before filing the instant suit. Plaintiff filed his response on August 13, 2015.

Review of the records[1] submitted by the defendant shows plaintiff was notified on February 25, 2012 that it had been determined he had received an overpayment of supplemental

---

[1] All records referenced herein are the Exhibits attached to defendant's July 20, 2015 Motion to dismiss.

security income in the amount of $10,842.00 [Ex.1, p.1]. Plaintiff submitted a Request for waiver of recovery on March 9, 2012 [Ex.2 pp.1-9], which was denied on August 3, 2012 [Ex. 3]. Plaintiff requested a hearing before an Administrative Law Judge (an ALJ) on October 15, 2012 (Ex.4).

On July 10, 2013, plaintiff acknowledged receipt of the hearing notice setting a video hearing for October 18, 2013 and checked a box on the form by which he stated he did not want to appear at the hearing by video teleconference and requested the hearing be rescheduled [Ex.5]. In a hand-printed notation on the acknowledgment form and another page attached to it, plaintiff also appeared to request proof that the hearing notice had come from the ALJ and evidence supporting the finding by SSA for the underlying determination of overpayment. Plaintiff further appeared to ask for a letter from President Obama and evidence from the Dept. of the Treasury [Ex.5].

On February 3, 2014, plaintiff was informed the hearing had been scheduled for him to appear in person in Lubbock, Texas on April 21, 2014 [Ex.6]. On February 5, 2014, plaintiff submitted an acknowledgment that he had received the February 3, 2014 notice of the April ALJ hearing and marked a box stating he could not be present at that place and time and requesting the hearing be rescheduled. Although instructed to state why he wanted the hearing rescheduled, plaintiff failed to do so [Ex.7].

On May 1, 2014, the ALJ issued an Order of Dismissal, dismissing plaintiff's request for a hearing and allowing the August 3, 2012 determination to remain in effect [Ex.8].

On May 1, 2014, plaintiff submitted a Request for Review of Hearing Decision/Order [Ex.9] to the Appeals Council. Plaintiff listed the following reasons for review: "revise id, civil rights, right to appeal to justify add evidence birth right, adj adjustment, confirmation signature request transfer?, response, subpoena for evidence code. law [sic et passim]." [Ex.9]. Although the date is difficult to read, it appears the Appeals Council denied plaintiff's request for review on or about November 4, 2014 [Ex.10].

Plaintiff then filed this lawsuit on December 30, 2014. Defendant filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies on July 20, 2015. Plaintiff filed his Response on August 13, 23015.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Citing *Dominick v. Bowen*, 861 F.2d 1330 (5th Cir. 1988), defendant argues a claimant must exhaust all available administrative remedies before the Court would have jurisdiction to review his case. 42 U.S.C. §405(g). As set forth in *Celestine v. Social Sec. Admin.*, 486 F.App'x 418, 2012 WL 3497137, No. 12-20004 (5th Cir., Aug. 15, 2012), this requires the plaintiff to follow the four-step process that includes the initial determination, a reconsideration, a hearing before an ALJ, and a review by an Appeals Council. The claimant in *Celestine* failed to exhaust administrative remedies because he withdrew his hearing request. Defendant argues plaintiff Samora, by failing to attend his scheduled ALJ hearing, terminated the pursuit of his administrative remedies and failed to exhaust such administrative remedies. Because of that failure defendant contends this Court has no jurisdiction of plaintiff's appeal.

By his August 13, 2015 response to defendant's motion to dismiss, plaintiff argues there was a violation of his rights when there was an unauthorized transfer from the Amarillo, Texas

Social Security Administration of his personal information. Although plaintiff does not explain the basis for this statement, it appears possibly to be based on the fact that plaintiff's notices of scheduled ALJ hearings came to him from the SSA offices in Tulsa, Oklahoma instead of Amarillo, Texas.

Plaintiff also argues the ALJ needs to have a written consent to give permission to waive the right to a personal appearance. Plaintiff also appears to state he has submitted complaints to the U.S. Dept. Of Health and Human Services Office for Civil Rights and the U.S. Postal Service regarding mail theft. Plaintiff attaches a letter from the Social Security Administration dated February 18, 2014, acknowledging plaintiff's August 3, 2013 letter to President Obama regarding the SSI overpayment and informing plaintiff that his request for a hearing was assigned to an ALJ and a hearing was scheduled for April 21, 2014.

Plaintiff argues the Court has jurisdiction where there is an issue based on the U.S. Constitution or federal statute. He says he is a victim of torture and abuse through hate crimes, and concludes with the argument that he went to the federal district court because his right to appeal was "infringed and neglected."

## THE LAW AND ANALYSIS

Plaintiff's argument that this Court has jurisdiction is without merit. Jurisdiction of this Court over issues regarding the Social Security Act is premised upon § 205(g) of the Act, which states, in relevant part, that:

> any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This provision was made applicable to cases involving applications for SSI benefits under Title XVI of the Social Security Act by 42 U.S.C. § 1383(c)(3). Thus, judicial review is limited to a "final decision of the [Commissioner] made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Social Security Act does not define "final decision;" instead, that definition is found in the Commissioner's regulations. See *Bacon v. Sullivan*, 969 F.3d 1517, 1520 (3d Cir. 1992).

The regulations define "final decision" as a decision rendered after a claimant has completed the four-step administrative review process set forth in 20 C.F.R. § 416.1400(a) (2008). A claimant who is dissatisfied with the initial determination of his entitlements submits a timely written request for reconsideration. 20 C.F.R. §§ 416.1407, 416.1409(a). Reconsideration is provided through a case review, a formal or informal conference, or a disability hearing. 20 C.F.R. § 1413. If still dissatisfied, a claimant may request a hearing before an ALJ, where the claimant may appear and submit new evidence, examine the evidence, and present and question witnesses. 20 C.F.R. § 1429. The ALJ issues a written decision which the claimant may appeal to the Appeals Council. After review by the Appeals Council or a decision to deny review, the claimant may seek judicial review in federal district court. 20 C.F.R. § 416.1455.

The Secretary's regulations also provide that an ALJ may dismiss a request for a hearing under circumstances described in 20 C.F.R. § 416.1457. Contrary to plaintiff's argument, written consent of a claimant is not required under to the regulations. Further, while a dismissal of a hearing request by an ALJ is appealable to the Appeals Council, it is not a "final decision" within the meaning of the Social Security Act permitting judicial review of a final decision made after a

hearing. *Brandyburg v. Sullivan*, 959 F.2d 555, 560-61 (5th Cir. 1992). "[D]ismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction under section 405(g)." *Id.* at 562.

Plaintiff does not argue his request for hearing was dismissed for reasons not authorized by the regulations nor does he argue that he did not receive the required notice. Indeed, the ALJ's notice [Ex.7] of the April 21, 2014 hearing expressly informed the plaintiff as follows: "Your request for hearing may be dismissed if you do not attend the hearing and cannot give a good reason for not attending. The time or place of the hearing will be changed if you have a good reason for your request." Instead of providing a reason for his request to reschedule, however, plaintiff lodged objections and requests. Plaintiff referenced an "evidence response" from President Obama and appeared to argue for a final presentation of evidence in a court for decision by a judge [Ex.7, pp.1-2]. Plaintiff also appeared to be trying to present legal argument and referenced his Fifth Amendment right against self-incrimination [Ex.7].

The ALJ's Order of Dismissal was in error in one respect in that it recited plaintiff had signed and returned the Notice of Hearing, "indicating that he intended to appear at the time and place scheduled for the hearing [Ex. 8 at Order of Dismissal]. While that statement appears to be incorrect and plaintiff had not indicated he intended to appear at the April 21, 2014 rescheduled hearing, plaintiff still failed to present a good reason for that failure to appear. His response to the ALJ presented no basis for a finding of good cause for his failure to attend and he does not appear to have argued to the Appeals Council or to this Court that the ALJ's determination "that there [was] no good cause for the claimant's failure to appear at the time and place of hearing" was arbitrary or erroneous. Plaintiff has not raised a viable claim in his appeal under the Social

Security Act and the Court has no jurisdiction to review the dismissal of his hearing request by the ALJ or the denial of his request for review by the Appeals Council.

## CONCLUSION

To the extent plaintiff is arguing the Court has an independent jurisdictional basis to address violations of the United States Constitution, he has failed to present a colorable constitutional claim. For the reasons set forth above, it is the Recommendation of this Court that the pending complaint be DISMISSED for want of jurisdiction.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____27th_____ day of July 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).